PROB 12C
(6/16)

Report Date: April 7, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2021

SEAN F. MCAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Isai Gomez-Sanchez                    Case Number: 0980 2:19CR00201-RHW-1

Address of Offender:                         Othello, Washington 99344

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: January 7, 2021

Original Offense:        Alien in the United States After Deportation, 8 U.S.C. § 1326

Original Sentence:       Prison 19 days            Type of Supervision: Supervised Release
                         TSR - 12 M

Asst. U.S. Attorney:     Earl A. Hicks             Date Supervision Commenced: January 7, 2021

Defense Attorney:        Francisco Carriedo        Date Supervision Expires: January 6, 2022

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Gomez-Sanchez is alleged to have violated his conditions of supervised release by failing to reside at a pre-approved residence as of March 25, 2021.

Per COVID-19 procedures, Mr. Gomez-Sanchez' conditions of supervised release were verbally reviewed with him on January 13, 2021. He verbally acknowledged an understanding of his conditions, which included standard condition number 5, as noted above. He was provided with a copy of the signed judgement via mail.

On January 8, 2021, Mr. Gomez-Sanchez reported he continued to reside at his aunt's residence. On February 26, 2021, he reported that he was temporarily staying at his brother's residence, due to his brother having surgery and needing assistance. On March 10, 2021, Mr. Gomez-Sanchez' reported he continued to temporarily reside at his brother's

Prob12C
Re: Gomez-Sanchez, Isai
April 7, 2021
Page 2

residence. On this same date, he was instructed to provide United States Probation with his brother's address, to which he failed to do. On March 19, 2021, Mr. Gomez-Sanchez reported to the undersigned officer that he continued to reside at his brother's residence. Again, the undersigned officer instructed the offender to provide his brother's address, but he claimed he did not recall the location. Mr. Gomez-Sanchez advised he would contact the undersigned officer later that same day with the address of his temporary location; he failed to do so. On March 25, 2021, the undersigned officer contacted Mr. Gomez-Sanchez' aunt at his last known address. She advised he continued to temporarily reside at his brother's unknown address. Mr. Gomez-Sanchez has discontinued his contact with this officer and his current whereabouts is unknown.

2   **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Gomez-Sanchez is alleged to have violated his conditions of supervised release by failing to report to his probation officer as instructed on March 19, 25, and April 5, 2021.

Per COVID-19 procedures, Mr. Gomez-Sanchez' conditions of supervised release were verbally reviewed with him on January 13, 2021. He verbally acknowledged an understanding of his conditions, which included standard condition number 13, as noted above. He was provided with a copy of the signed judgement via mail.

On March 19, 2021, Mr. Gomez-Sanchez was instructed to call the undersigned officer by the end of the day to report his temporary address. On March 25, 2021, this officer left a voice message on Mr. Gomez-Sanchez' cellular telephone instructing him to contact this officer by the end of the day. It should also be noted, the undersigned officer made contact with the offender's aunt at the reported residence, and left a verbal message with his aunt instructing the offender to contact this officer immediately. On April 5, 2021, the undersigned officer made a final attempt to make contact with the offender and left another voice message on Mr. Gomez-Sanchez' cellular telephone requesting he contact this officer immediately. As of the writing of this report, he failed to report as directed.

3   **Special Condition #2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Gomez-Sanchez is alleged to have violated his conditions of supervised release by failing to complete a substance abuse evaluation on March 31, 2021.

Per COVID-19 procedures, Mr. Gomez-Sanchez' conditions of supervised release were verbally reviewed with him on January 13, 2021. On March 10, 2021, an order modifying conditions of supervision was reviewed and signed with the offender. He acknowledged an understanding of his conditions, which included special condition number 2, as noted above. He was provided with a copy of the signed judgement via mail.

Prob12C
Re: **Gomez-Sanchez, Isai**
**April 7, 2021**
**Page 3**

        On March 12, 2021, a United States Probation assisted Mr. Gomez-Sanchez in scheduling a substance abuse assessment appointment at Social Treatment Opportunity Programs (STOP) for March 31, 2021. On this same date, the offender was notified of this scheduled assessment appointment. On March 30, 2021, STOP attempted to make telephonic contact with the offender to confirm his appointment, but was unsuccessful. On April 1, 2021, STOP reported to the undersigned officer that Mr. Gomez-Sanchez failed to report for his assessment on March 31, 2021.

4        **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: Mr. Gomez-Sanchez is alleged to have used methamphetamine on March 3, 11, and 19, 2021.

        Per COVID-19 procedures, Mr. Gomez-Sanchez' conditions of supervised release were verbally reviewed with him on January 13, 2021. An order modifying conditions of supervision was reviewed with the offender on March 10, 2021. He verbally acknowledged an understanding of his conditions, which included special condition number 3, as noted above. He was provided with a copy of the signed judgement via mail.

        On January 13, 2021, Mr. Gomez-Sanchez verbally reviewed and signed the substance abuse testing instructions, acknowledging his understanding of the drug testing program. He was instructed to call the colorline system for STOP and when his assigned color was called, he was to report and submit to a urinalysis testing. On March 11, 2021, Mr. Gomez-Sanchez reported to STOP and provided a urinalysis sample which tested presumptive positive for methamphetamine. He signed an admission/denial form at STOP admitting to using methamphetamine the previous week on or about March 3 or 4, 2021. The sample was sent to Alere Toxicology Services (Alere) for confirmation. On March 23, 2021, the undersigned officer received a report from Alere confirming the sample as positive for methamphetamine.

        On March 17, 2021, Mr. Gomez-Sanchez failed to report to STOP to provide a urinalysis, despite his color being called. On March 18, 2021, the undersigned officer instructed the offender to report to STOP on March 19, 2021, and provide a urinalysis sample. On March 19, 2021, Mr. Gomez-Sanchez reported to STOP and provided a urinalysis sample, which tested presumptive positive for methamphetamine. He signed an admission/denial form at STOP admitting to using methamphetamine on March 10, 2021. On March 19, 2021, the undersigned officer spoke with Mr. Gomez-Sanchez and he admitted to using methamphetamine on March 10 and 18, 2021. The sample was sent to Alere Toxicology Services for confirmation. On April 1, 2021, the undersigned officer received a report from Alere Toxicology confirming the sample as positive for methamphetamine.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

Prob12C
**Re: Gomez-Sanchez, Isai**
**April 7, 2021**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   April 7, 2021

s/Araceli Mendoza

Araceli Mendoza
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Robert A. Whaley*

Signature of Judicial Officer

4/8/2021

Date